■ GRACE RYAN, Individually and as Administratrix of the Estate of GEORGE RYAN, Deceased, Appellant, v RUSSELL BEAVERS et al., Defendants, and ALFRED MARTINEZ et al., Respondents.—Order unanimously reversed on the law with costs and motion granted, in accordance with the following Memorandum: The court correctly found that the CPLR article 16 affirmative defense of defendants Martinez and Speilberg does not apply to plaintiff's cause of action for wrongful death, which involves economic loss *(see,* CPLR 1600, 1601). However, for three reasons the court erred in holding that defendants need not provide a bill of particulars with respect to that defense to a second cause of action. First, defendants Martinez and Speilberg are bound by their stipulation, which was

reduced to an order, to provide a bill of particulars responsive to plaintiff's demands *(see, Citizens Fid. Bank & Trust Co. v Coulston Intl. Corp.,* 160 AD2d 1110). Second, defendants' failure to move for a protective order precludes inquiry into the propriety of plaintiff's demand, unless the demand is palpably improper or involves privileged matter, which is not the case here *(see, Sprague v International Business Machs. Corp.,* 114 AD2d 1025; *Lazan v Bellin,* 95 AD2d 751). Third, defendants must provide a responsive bill of particulars with respect to their third affirmative defenses because they bear the burden of proof under CPLR 1603, as the parties seeking to limit their liability; it is well settled that a party must provide a bill of particulars on matters on which he bears the burden of proof *(see,* Siegel, NY Prac § 238, at 292). Accordingly, defendants Martinez and Speilberg are precluded from presenting proof with respect to their third affirmative defenses unless they provide a responsive bill of particulars within 30 days of service of this order. (Appeal from Order of Supreme Court, Suffolk County, Hand, J.—Strike Affirmative Defense.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.