■ JOHN MARSALA, Appellant, v JEROME WEINRAUB et al., Respondents, et al., Defendant. [617 NYS2d 809] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 28, 1992, which, *inter alia,* denied his motion to preclude the respondents from offering evidence regarding CPLR article 16.

Ordered that the order is affirmed, with costs.

The plaintiff contends that CPLR article 16 must be pleaded as an affirmative defense and that the defendants are required to respond to a demand for a bill of particulars regarding the identity of possible codefendants. We disagree.

As a general rule, a statute should be construed according to the ordinary meaning of its words, and resort to extrinsic matter is inappropriate when the statutory language is unambiguous and the meaning unequivocal *(see, Sega v State of*

*New York,* 60 NY2d 183, 190-191; *Didner v Keene Corp.,* 188 AD2d 15, 20; *Schrader v Carney,* 180 AD2d 200, 205). Nowhere does CPLR article 16 provide that defendants must plead it as an affirmative defense. In fact, the language of CPLR 1601 (1) indicates that the statute automatically applies whenever a defendant's share of the liability is 50% or less: "Notwithstanding any other provision of law, when a verdict or decision in an action or claim for personal injury is determined in favor of a claimant in an action involving two or more tortfeasors jointly liable * * * and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss".

Moreover, it is clear from reading CPLR article 16 as a whole that whenever a plaintiff sues multiple defendants, CPLR article 16 will apply unless the plaintiff can show that one of the situations in CPLR 1602 applies. Accordingly, we conclude that there was no need for the respondents herein to specifically plead CPLR article 16.

The plaintiff's argument that the respondents were required to plead CPLR article 16 as an affirmative defense based upon CPLR 1603, which provides that the defendant "shall have the burden of proving by a preponderance of the evidence its equitable share of the total liability", is unpersuasive. As noted above, CPLR 1601 (1) clearly provides that whenever the liability of a defendant is found to be 50% or less of the total liability, the liability of that defendant "shall not exceed that defendant's equitable share". Since the respondents need not plead CPLR article 16 as an affirmative defense, it follows that the respondents need not provide a bill of particulars with regard to CPLR article 16 *(contra, Ryan v Beavers,* 170 AD2d 1045).

We note that the information sought by the plaintiff in this case was "palpably improper" and required no response, even if the respondents were required to respond to the plaintiff's demand because they failed to move for a protective order within 10 days of the plaintiff's demand for a bill of particulars, thereby waiving any objection to the demand *(see, Gargano v Rosenthal,* 100 AD2d 534; *Lamb v Rochester Gen. Hosp.,* 130 AD2d 963, 964). Balletta, J. P., O'Brien and Florio, JJ., concur.

Ritter, J., concurs in result only, with the following memo-

randum: On this appeal, the parties raise an issue concerning the liability-limiting provisions of CPLR article 16 not previously addressed by this Court. The questions presented are whether a claimed right to CPLR article 16 apportionment of responsibility among joint tortfeasors must be pleaded as an affirmative defense, and whether the bills of particulars provided by the parties asserting that defense in this case are sufficient.

The respondents here have put the plaintiff on notice, in their respective answers, that they are asserting CPLR article 16 limits their potential liability with respect to his claim for noneconomic loss. They have served bills of particulars reaffirming their position that they are not in any way responsible for the injuries allegedly sustained by the plaintiff, but reserving the right to obtain an apportionment of responsibility as provided under CPLR article 16, in the event they are found to be liable by the trier of the facts. The plaintiff contends that the bills of particulars provided by the respondents are inadequate and, on appeal, he seeks reversal of the holding of the Supreme Court to the contrary.

Unlike my colleagues, I believe that CPLR article 16 apportionment must be affirmatively asserted in a responsive pleading, as was done by the respondents in this case. I conclude further that the respondents here provided adequate particularization of their known claims pursuant to CPLR article 16. Therefore, I agree that the Supreme Court properly denied the plaintiff's motion for preclusion in this case. However, because this Court has not previously addressed the issues on appeal here, I write separately to articulate why I would require litigants to plead and particularize their claims pursuant to CPLR article 16.

## I *Procedural & Factual Background*

The controversy at bar arises from the plaintiff's claim that he sustained serious personal injuries as a result of the respondents' combined negligence or medical malpractice. Since one of the main components of the plaintiff's claim for damages is his conscious pain and suffering, a type of "noneconomic loss" *(see,* CPLR 1600), there is no dispute that the liability-limiting provisions of article 16 apply in the case at bar *(see,* CPLR 1601). I note that the plaintiff is not contending that any of the exceptions enumerated under CPLR 1602 apply in this case.

The instant lawsuit was commenced by the plaintiff in or

about February 1991. In their respective answers, the respondents denied all allegations that they are responsible in any way for the injuries sustained by the plaintiff. They affirmatively alleged that the plaintiff was himself to blame. Further, each respondent alleged, in substance, that any injuries sustained by the plaintiff were caused in whole or in part, by persons other than the answering defendant, and that the liability of the answering defendant, if any, was 50% or less of the total liability. Accordingly, each of the respondents requested that their liability be apportioned, or reduced, in accordance with CPLR article 16 *(see,* CPLR 1601).

The plaintiff served demands for a bill of particulars requesting that the respondents identify each party, named in the lawsuit or unnamed, who they alleged had contributed to the total liability for his noneconomic loss. The plaintiff also requested details of the specific acts or omissions and the basis of culpability of each such party. On April 15, 1991, the Supreme Court issued a preliminary conference order, which among other things, required the respondents to serve responses to the demand for a bill of particulars, and directed the plaintiff to furnish them with authorizations to obtain certain medical records. The respondents served bills of particulars which the plaintiff contends are inadequate. In pertinent part, the defendant Weinraub's bill of particulars reads: "In his answer dated March 1, 1991, defendant Dr. Jerome Weinraub has denied the material allegations of the complaint and specifically has denied any and all acts of negligence, wrongdoing or other commissions and omissions claimed by plaintiff in this litigation. Additionally, defendant Weinraub denies that any injuries which may be proved by the plaintiff at trial were proximately caused by any of his acts or alleged failure to act. However, in the event that a jury finds Dr. Weinraub in part responsible for any injuries allegedly sustained by plaintiff and that his acts caused or contributed to those injuries, defendant Weinraub may rely upon the proof introduced by plaintiff or any other parties at trial which establishes the culpability or wrongdoing of any parties or non-parties which a jury finds responsible for plaintiff's alleged injuries. Defendant Weinraub at this juncture is uncertain as to what specific claims will be made by plaintiff at trial. However the individuals which a jury may find responsible in addition to Dr. Weinraub would be the other parties to this action Dr. Michael DiGiovanna, Dr. Michael Carroll and Island Orthopedics and Sports Medicine, P. C. and John T. Mather Memorial

Hospital * * * and any non-parties yet to be identified. Defendant reserves the right to identify other potentially responsible parties pursuant to Article 16 since discovery at this juncture is incomplete and none of the parties have as yet been deposed. In the event that defendant learns of other individuals or entities which defendant claims are responsible for any injuries claimed by the plaintiff, defendant will advise plaintiff's counsel subsequent to this discovery as soon as practicable by way of an amendment or supplement to this Bill of Particulars."

The bill of particulars provided by the defendant DiGiovanna states that the sole purpose of his affirmative defense: "is to put the plaintiff herein on notice that this defendant is claiming that Article 16 of the Civil Practice Law and Rules is applicable to this section in the event that the defendant, Michael DiGiovanna, is found at the time of trial by the trier of fact to be less than fifty percent liable, then and in that event, his liability to the plaintiff for non-economic loss shall not exceed his equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss."

The final bill of particulars at issue here, served on behalf of defendants Carroll and Island Orthopedics and Sports Medicine, P. C., states:

"Defendants Michael Carroll and Island Orthopedics and Sports Medicine, P. C., deny liability in this action and deny that any of their actions proximately caused injury or damage to the plaintiff. Should the trier of fact find Dr. Carroll and/or Island Orthopedics and Sports Medicine, P. C. in part liable for the injuries claimed by plaintiff in this action, and should the trier of fact find that the liability of defendants Carroll and/or Island Orthopedics and Sports Medicine, P. C., is 50% or less of the total liability assigned to all persons liable, defendants Carroll and Island Orthopedics and Sports Medicine, P. C., claim the limitations of liability established in Article 16 of the CPLR.

"A jury may find negligence on the part of plaintiff, co-defendants and/or non-parties to this action amenable to the jurisdiction of this Court, whose identities are within the exclusive knowledge of the plaintiff."

The plaintiff, moved pursuant to CPLR 3042 (d), to "preclud[e] the defendants * * * from introducing and/or offering any evidence at the trial of this action with regard to their

respective affirmative defenses under Article 16 of the CPLR, by virtue of their willful and deliberate failure to provide a proper Bill of Particulars".

The respondents opposed the motion, contending that they had provided sufficient bills of particulars and had complied fully with their pleading obligations under CPLR article 16. They suggested that the plaintiff was attempting to have them point fingers at one another, which they argued was not required under the statute. According to the respondents, there is no affirmative pleading duty imposed on those asserting CPLR article 16 unless there is an attempt to shift culpability to an unnamed joint tortfeasor. Critically, all of the respondents represented that they were unaware of any potentially culpable unnamed parties, but should they learn of any such parties, they would serve an amended or supplemental bill of particulars to give the plaintiff proper notice.

The defendant John T. Mather Memorial Hospital initially failed to serve a bill of particulars. The plaintiff acknowledged receipt of a late bill of particulars from this defendant during the pendency of the motion to preclude. This bill of particulars was acceptable to the plaintiff and his motion for an order of preclusion with respect to this defendant was withdrawn.

The Supreme Court denied the plaintiff's motion to preclude, stating: "[T]he statute (CPLR article 16) does not require that a party asserting limited liability must bear the burden of establishing the liability of their co-defendants; it merely provides that a defendant must prove by a preponderance of the evidence 'its equitable share of the total liability' ". The court then concluded that the respondents' bills of particulars "adequately set forth the basis of their claimed defense".

## II *Overview of CPLR Article 16*

CPLR article 16 was enacted in 1986 as part of a legislative package commonly known as the "Toxic Torts" bill. The law significantly, albeit only partially, amends the rule of joint and several liability applied in New York for centuries. Under the joint and several rule, an injured claimant can obtain full compensation from any culpable tortfeasor named in the lawsuit with a sufficient "deep pocket". The deep pocket defendant, even if only slightly culpable, remains fully responsible for the shares attributable to all other joint tortfeasors, named or unnamed in the lawsuit. At common law, the

defendant did not even have recourse against his joint tortfeasors, an inequity that has been addressed to some degree under the doctrine of contribution *(see, Sommer v Federal Signal Corp.,* 79 NY2d 540, 555-557). The rules of contribution, codified under CPLR article 14, distribute the loss more equitably between the culpable parties, according to their relative degree of fault (CPLR 1402). However, the claimant's right to obtain full payment of a judgment against the solvent deep pocket defendant essentially remains unaffected under CPLR article 14 *(see,* CPLR 1404 [a]). In practice, even under CPLR article 14, defendants with marginal responsibility, such as a municipality, still must pay large judgments with no hope of obtaining reimbursement from more culpable, but less solvent, defendants.

Public calls for reform of the joint and several liability rule, and concerns about other issues affecting the liability insurance industry, were addressed by an Advisory Commission formed by the Governor. CPLR article 16 emerged as a modified version of the Advisory Commission's recommendation to make defendants severally liable for noneconomic loss *(see,* Governor's Mem approving L 1986, ch 682, 1986 NY Legis Ann, at 288-289).

Under CPLR 1601 (1), a defendant found 50% or less culpable is entitled to several liability status, and cannot be compelled to pay more than that its equitable share of any judgment awarded to the claimant for noneconomic loss. Critically, the law now effectively puts the plaintiff in peril and makes it incumbent upon the plaintiff to join all culpable parties subject to the court's personal jurisdiction. This enhanced responsibility arises because the relative culpability of nonparties must now be considered by the trier of the facts in apportioning liability under CPLR 1601, unless the plaintiff is able to prove that he or she was unable, despite the exercise of due diligence, to obtain personal jurisdiction over the nonparty *(see, Zakshevsky v City of New York,* 149 Misc 2d 52).

The consideration of a nonparty's culpability and the prospect that the most culpable tortfeasor is insolvent, could prevent a claimant from obtaining full compensation. This highlights the need for requiring the defendants to provide adequate notice of their claims pursuant to CPLR article 16. The due diligence issue itself may be complex, and should, if possible, be decided by the court in advance of trial *(see,* PJI 2:275 [1993 Supp]).

CPLR 1603, entitled "Burdens of proof", is also relevant to the issues here. It requires any person wishing to avoid the application of CPLR article 16, usually the plaintiff, to establish one or more of the exemptions enumerated in CPLR 1602 by a preponderance of the evidence. More importantly, a party seeking limited liability pursuant to CPLR article 16 has the burden of proving, also by a preponderance of the evidence, "its equitable share of the total liability". In light of this burden of proof, the Appellate Division, Fourth Department, in the only appellate decision to address the questions at issue here, held that a party asserting CPLR article 16 as an affirmative defense must provide a responsive bill of particulars when served with a proper demand *(see, Ryan v Beavers,* 170 AD2d 1045, 1046). For the reasons that follow, I agree with the holding of the Fourth Department in *Ryan.*

### III *CPLR Article 16 Should Be Pleaded As An Affirmative Defense*

Assertion of apportionment pursuant to CPLR article 16 is a defense similar to the comparative negligence defense that must be asserted under CPLR article 14-A. Under CPLR 1412, "[c]ulpable conduct claimed in diminution of damages" attributable to the claimant must be pleaded as an affirmative defense and proved by the party asserting the defense. The pleading burden specified by CPLR 1412 is expressly incorporated into the noninclusive list of affirmative defenses that must be pleaded under CPLR 3018 (b). CPLR article 16 likewise imposes the burden of proof on the party seeking several liability status; as noted by one well-known commentator, it amounts to a defense that should be pleaded as such in the answer *(see,* Siegel, NY Prac, § 168 [D] [2d ed]).

The enumerated list of affirmative defenses that must be pleaded under CPLR 3018 does not specify CPLR article 16 apportionment, but the list is not exhaustive. Imposing such a burden is consistent with the direction of CPLR 3018 (b) requiring a party to "plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading".

New matter, even partial defenses such as evidence offered in mitigation of damages, should be pleaded in order to eliminate surprise and to permit the plaintiff to know what contentions will be interjected at trial *(see,* 3 Weinstein-Korn-

Miller, NY Civ Prac ¶¶ 3018.13, 3018.17). The assertion of a defense pursuant to CPLR article 16, particularly in a case such as this, where the respondents have sought to reserve the right to limit liability, in whole or in part, by proving the culpability of an unnamed joint tortfeasor, interjects new matter into the proceedings. Additionally, one or more of the named respondents may attempt to minimize their relative culpability by offering evidence based on a different theory or theories of liability then those presented by the plaintiff. The plaintiff should be alerted to such new matter by appropriate notice provided in the responsive pleadings, and if necessary, amplification by way of a bill of particulars.

## IV *Sufficiency of the Respondents' Bills of Particulars*

A bill of particulars is a limited device designed to amplify a pleading by providing greater detail as to the substance of the allegations, and what the party making them intends to prove. The purpose of a bill of particulars is to provide the adverse party with a general statement, as opposed to evidentiary material, limit proof, and prevent surprise at the trial *(see, Kenlar v Weissbach,* 61 AD2d 976). A bill of particulars is directly tied in with the party's burden of proof. Therefore, a defendant need not particularize general denials, because these are matters on which the plaintiff has the burden of proof *(see, Northway Eng'g v Felix Indus.,* 77 NY2d 332, 336).

Parties asserting the protection of CPLR article 16 have the burden of proving their own equitable share of the total liability, but contrary to the plaintiff's contention here, they need not affirmatively offer evidence establishing negligence on the part of their codefendants. By denying the allegations of the complaint, the respondents have effectively left the burden of proving their liability on the plaintiff. They also effectively alerted the plaintiff to the fact that they would be asserting the liability-limiting provisions of CPLR 1601 which are triggered by a finding that one of two or more jointly liable tortfeasors is 50% or less culpable.

Once there is a factual finding that more than one jointly liable tortfeasor has culpability, the parties asserting several liability status must prove that their proportionate share of responsibility is 50% or less. In meeting this burden, they may properly rely on evidence offered by the plaintiff, by a defendant, or by other parties in the action.

Here, the respondents effectively represented that they were unaware of any evidence establishing the culpability of unnamed parties, or of their codefendants, and indicated they likely would advance their defenses pursuant to CPLR article 16 based on the claims and evidence presented by the plaintiff. Additionally, the respondents acknowledged their responsibility to serve an amended or supplemental bill of particulars, if warranted, after the completion of discovery. Under the circumstances, I agree that the Supreme Court providently exercised its discretion by denying the plaintiff's motion for an order of preclusion.