*181 OPINION OF THE COURT
Howard Miller, J.
This matter having come on before me for trial in regular order, and during the course of trial, defendant Dr. Arthur Landau having sought (a) a ruling on the admissibility of expert testimony imputing negligence to a nonparty radiologist; (b) a charge to the jury, and allocation pursuant to CPLR article 16 of such nonparty’s negligence on the verdict sheet; and (c) a directed verdict against the nonparty, it is ordered that defendant’s motions are granted.
Plaintiffs bring this action against defendant, a treating physician, alleging, inter alia, that defendant failed to diagnose a brain tumor, and failed to advise plaintiff Gayle Rodi of the results of a magnetic resonance imaging test (MRI). Among defendant’s affirmative defenses contained in his answer is a demand for apportionment pursuant to CPLR article 16. After plaintiffs’ experts testified, defendant moved in limine for introduction of testimony by an expert that the radiologist performing an MRI of plaintiff Gayle Rodi, who was not a party to this action, negligently read and reported the results of the MRI, which was a proximate cause of Mrs. Rodi’s injuries.
Clearly CPLR article 16 is applicable to medical malpractice actions (CPLR 1602; see also, Sargeant v New York Infirmary Beekman Downtown Hosp., 222 AD2d 228). In order to preclude testimony regarding the alleged liability of a nonparty, the burden is on plaintiffs to prove that with due diligence they were unable to obtain jurisdiction over the nonparty (CPLR 1601 [1]). In this case, plaintiffs, prior to trial, were unaware of any alleged negligence on the part of the radiologist and thus made no attempt to include him as a party.
Plaintiffs nevertheless object to the allocation upon the grounds of surprise. There is no requirement in article 16 that defendants disclose prior to trial the persons whose joint liability will be invoked. An attempt to ascertain the identity of such persons was made by the plaintiff in Marsala v Weinraub (208 AD2d 689), by the service upon defendants of a demand for a bill of particulars. Upon defendants’ failure to provide the names of any additional nonparty tortfeasors, plaintiff moved for a preclusion order. The Second Department held that a CPLR article 16 defense need not be pleaded and no bill of particulars need be provided. The Hon. David S. Ritter, in a well-reasoned concurring memorandum, traced the history of CPLR article 16, and was in agreement with a Fourth Depart *182 ment decision requiring a bill of particulars on a pleaded CPLR article 16 affirmative defense (see, Ryan v Beavers, 170 AD2d 1045). Justice Ritter’s concurring memorandum points out that in the Marsala case, "Critically, all of the respondents represented that they were unaware of any potentially culpable unnamed parties, but should they learn of any such parties, they would serve an amended or supplemental bill of particulars to give the plaintiff proper notice.” (Marsala v Weinraub, 208 AD2d 689, 694, supra.) Thus, no element of surprise was present in the Marsala case.
Conversely, in the case sub judice, plaintiffs neither served a demand for a bill of particulars (which, in the light of Marsala v Weinraub [supra], would have been futile), nor sought any disclosure from defendant of the identity of any alleged nonparty tortfeasors against whom apportionment would be sought. Unlike the defendants in Marsala, defendant in this case did not at any time prior to trial voluntarily disclose to plaintiffs that apportionment against the nonparty radiologist would be sought. Thus plaintiffs were unaware that such evidence would be introduced at trial and defendant has, as Justice Ritter envisioned, succeeded in interjecting new matter into the proceedings (Marsala v Weinraub, supra).
While plaintiffs may have been surprised by defendant’s introduction of the issue of the radiologist’s liability, under the present state of the law, defendant is entitled to the benefit of the article 16 apportionment. Inasmuch as defendant has the burden of proving his equitable share of the total liability (CPLR 1603), evidence of the nonparty’s alleged culpability is admissible.
At the close of trial, and after defendant’s expert testified as to negligence on the part of the radiologist, defendant moved for a directed verdict against the radiologist. Other than the testimony of defendant’s expert attributing negligence to the radiologist, no other evidence was introduced to the contrary. There being no issue with respect to the expert’s credibility, or facts in dispute regarding the radiologist’s negligence, or any other inference possible, defendant is entitled to a directed verdict on the issue of liability against the radiologist (Marrero v 720 DeGraw Funding Corp., 199 AD2d 248). Whether the radiologist’s negligence was a proximate cause of plaintiff Gayle Rodi’s injuries is, however, a jury question.
*183 The jury will be charged on the issue of the nonparty radiologist’s negligence and directed to apportion liability in accordance with CPLR article 16 on the verdict sheet.