OPINION OF THE COURT
Rose H. Sconiers, J.
Defendants, Marine Drive Apartments, Inc., and Delta *770 Elevator Service Corp., have requested that this court submit, for jury consideration, the allocation of alleged fault by nonparty U.S. Elevator/Niagara Elevator.
Defendants rely upon CPLR article 16, as cited in their respective answers as an affirmative defense, as setting limitations on their respective liability and for the inclusion of a nonparty’s alleged culpability.
Such defense is, however, set forth in general terms with no assertion of liability against any named entity nor any assertion of cause for otherwise deflecting liability to a nonparty. Instead, for the first time, defendant Delta Elevator Service Corp. raises at trial the contention that the elevator in issue was defectively designed and/or installed. While this claim was set forth in the testimony of Earl Scheffler, no effort was made by defendant to establish Mr. Scheffler as an expert in elevator design and manufacture.
Upon review, this court cannot conclude that such a bare assertion gives rise to the limitation of liability afforded in CPLR 1601.
Plaintiffs stated causes of action sound in negligence, as do her contentions at trial, that defendant Marine Drive Apartments, Inc., failed to provide a safe elevator or to remove from service an elevator known to be operating improperly and that defendant Delta Elevator Service Corp. failed to adequately service and/or repair the elevator in question. This court does not believe, nor has either defendant claimed, that plaintiff deliberately chose not to include the elevator manufacturer in this litigation. Having been put into service some time ago and having been maintained for many years by defendant, Delta Elevator Service Corp. and its predecessor, it was reasonable for plaintiff to conclude that negligence lay with the elevator servicer rather than the manufacturer.
Thus, this court finds that it was incumbent on defendants to more fully set forth their affirmative defense and apprise plaintiff, at least, of the nature of their claim for limited liability. A mere assertion of reliance upon CPLR article 16 is not found sufficient to put plaintiff on notice that defendants’ affirmative defense is more than a claim that their respective equitable share of liability should not exceed their relative culpability, nor to put plaintiff on notice that she has the burden of proving that she was unable to obtain jurisdiction over some unidentified nonparty, nor even to make appropriate discovery demands in response (CPLR 1601).
*771 Additionally, the limited proof offered on this issue by a non-expert is insufficient for this court to conclude that either defendant has met its burden of establishing “by a preponderance of the evidence its equitable share of the total liability” (CPLR 1603 [emphasis added]), except as that total relates to plaintiffs allegations of negligence herein and the defenses put forward thereto.
Accordingly, defendants’ request to submit to the jury a determination of the culpability of nonparty U.S. Elevator/ Niagara Elevator is denied, as having been improperly pleaded and proved. (Cf., Ryan v Beavers, 170 AD2d 1045 [1991]; Rodi v Landau, 170 Misc 2d 180 [1996].)