■ SUSAN ELKINS et al., Respondents-Appellants, v JOHNATHAN FERENCZ, Appellant-Respondent. [694 NYS2d 27] —Upon remittitur from the Court of Appeals, judgment, Supreme Court, New York County (Emily Goodman, J.), entered October 24, 1996, upon a jury verdict in favor of plaintiffs, which, as reduced by the trial court, awarded plaintiff Susan Elkins $465,052.36 and plaintiff Andrew Elkins $33,297.16, unanimously reversed, on the law, without costs, the judgment vacated and the matter remanded for a new trial.

This is a dental malpractice action against Mrs. Elkins' longtime dentist, based upon allegations that plaintiff suffered severe periodontal disease resulting in the loss of four teeth and other injuries due to defendant's failure to properly diagnose or treat her condition or timely refer her to a periodontist. When this matter was previously before us (253 AD2d 601), we reversed the jury's verdict in favor of plaintiffs and dismissed the complaint on the ground that there was simply no valid line of reasoning and permissible inferences that could possibly have led to the conclusion that plaintiffs demonstrated any malpractice on defendant's part. The Court of Appeals disagreed and has reversed our order and remitted the matter to us for consideration of all other issues within our plenary intermediate appellate authority. In so ruling, the Court found that "[t]he evidence, when viewed in the light most favorable to the plaintiff, is legally sufficient to support the jury's verdict". (93 NY2d 938, 939.)

Since we previously stated that, were we not dismissing the complaint, we would have ordered a new trial because of the trial court's failure to instruct the jury, as requested, as to the issue of comparative negligence, we now do so.

It was the crux of the defense that plaintiff bore a major

responsibility for the development of her periodontal disease due to her heavy use of prescription drugs and tobacco, her failure to furnish a complete and accurate medical history and her undue delay of treatment after defendant's discovery of the periodontal condition. The principle of comparative negligence is applicable to medical or dental malpractice (*see, Suria v Shiffman*, 67 NY2d 87; *Bellas v Kurpis*, 182 AD2d 542) and, under the facts of thiscase, it was reversible error not to charge comparative negligence. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Saxe, JJ.