OPINION OF THE COURT
Yvonne Gonzalez, J.
This action arose as a result of an intentional criminal act committed against plaintiff at the apartment building where she resided (hereinafter, the premises) on November 3, 1996. Plaintiff alleges that her assailant gained access to the premises due to the negligent maintenance, operation and control of the front entrance to the premises including, but not limited to, the lack of a working locking mechanism or intercom. Defendant, 599 West Associates (hereinafter, Associates), admits it owned and controlled the premises. Defendants, Apple Intercom & Mailbox Corp., Apple Intercom & Mailbox Inc., and Apple Core Electronics Inc. (collectively, hereinafter, Apple), are collectively an intercom company that had made repairs to the intercom prior to the intentional criminal act.
Plaintiff moves to compel defendants to respond to plaintiffs demand for a bill of particulars as to defendants’ affirmative defenses of CPLR article 16 apportionment, and preclude them from claiming apportionment unless such a bill of particulars is provided by a date certain. Plaintiff also moves to compel defendants to provide maintenance and repair records concerning the front entrance and intercom of the premises for a period of six months subsequent to November 3,1996, or preclude defendants from introducing evidence as to the condition of said entrance or intercom unless these records are provided by *121 a date certain. In reply papers, plaintiff withdrew, without prejudice, her motion for subsequent repair records insofar as the motion concerns Apple. Apple did not indicate any opposition to plaintiffs motion for a bill of particulars as to article 16 apportionment, while Associates vigorously opposes both branches of plaintiffs motion.
Pleading Requirements of Article 16 Apportionment
“CPLR article 16 modifies the common-law rule of joint and several liability by limiting a joint tortfeasor’s liability in certain circumstances (L 1986, ch 682). Prior to article 16’s enactment, a joint tortfeasor could be held liable for the entire judgment, regardless of its share of culpability.” (Rangolan v County of Nassau, 96 NY2d 42, 46.) Article 16 of the CPLR provides for several liability for noneconomic loss, when the liability of a joint tortfeasor is found to be 50% or less of the total liability assigned to all persons liable, subject to specified exceptions. CPLR 1601 (1) provides in pertinent part:
“Notwithstanding any other provision of law, when a verdict or decision in an action or claim for personal injury is determined in favor of a claimant in an action involving two or more tortfeasors jointly liable or in a claim against the state and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant’s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.”
The issue before this Court is whether the article 16 apportionment defense must be affirmatively pleaded, and if properly demanded, whether a bill of particulars must be provided as to the article 16 apportionment defense. There is a split between the Second and Fourth Departments of the Appellate Division on this issue.
In Ryan v Beavers (170 AD2d 1045 [4th Dept 1991]), the Fourth Department precluded defendants from presenting proof with respect to their article 16 apportionment defense unless defendants served a responsive bill of particulars. The Fourth Department held that “defendants must provide a responsive bill of particulars with respect to their third affirmative defenses because they bear the burden of proof under *122 CPLR 1603, as the parties seeking to limit their liability.” (Id. at 1046.) CPLR 1603 provides in part that a “party asserting limited liability pursuant to this article shall have the burden of proving by a preponderance of the evidence its equitable share of the total liability.” The Ryan court observed that “it is well settled that a party must provide a bill of particulars on matters on which he bears the burden of proof (see, Siegel, NY Prac § 238, at 292).” (Id.)
In contrast, in Marsala v Weinraub (208 AD2d 689 [2d Dept 1994]), the Second Department majority held that whenever a plaintiff sues multiple defendants, the article 16 apportionment defense will automatically apply by operation of CPLR 1601 (1), unless the plaintiff can prove that an exception is applicable. Consequently, the Second Department reasons, in those cases in which article 16 apportionment automatically applies, no affirmative defense need be pleaded. Since article 16 need not be pleaded as an affirmative defense, “it follows that the respondents need not provide a bill of particulars with regard to CPLR article 16 (contra, Ryan v Beavers, 170 AD2d 1045).” (Marsala at 690.)
Justice Ritter concurred with the Marsala majority in the result of affirming the lower court’s denial of plaintiffs motion to preclude respondents from offering evidence regarding article 16 apportionment on account of each defendant’s failure to provide an adequate bill of particulars regarding defendant’s article 16 apportionment defense. Justice Ritter departed from the majority by grounding his concurrence in the opinion that the bill of particulars provided by the Marsala defendants were sufficiently particularized, and in opining, in general, that article 16 apportionment must be affirmatively pleaded and particularized upon proper demand as was previously held by the Fourth Department in Ryan.
However, it appears that article 16 of the CPLR does not require the pleading of an article 16 apportionment defense, as the statutory language providing for apportionment mandates apportionment in specified circumstances. CPLR 1601 (1) provides, inter alia, that when a defendant’s liability is 50% or less “the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant’s equitable share” (emphasis added).
Furthermore, CPLR 1603 explicitly requires that a plaintiff who asserts an exception to apportionment “shall allege and prove by a preponderance of the evidence” such an exception, while CPLR 1603 only places the burden of proof on a party as *123 serting an article 16 apportionment defense (emphasis added). CPLR 1603 significantly omits requiring defendants to affirmatively plead the apportionment defense. Under the principle of statutory interpretation of expressio unius est ex-clusio alterius, it appears that article 16 of the CPLR does not require an article 16 apportionment defense to be pleaded, but article 16 explicitly requires an exception to article 16 apportionment to be pleaded. (McKinneys Cons Laws of NY, Book I, Statutes § 240.)
The somewhat incongruous pleading requirements of CPLR 1603 raise the concern that in the absence of a requirement that article 16 apportionment be affirmatively pleaded, a plaintiff must divine whether to plead an exception to article 16 apportionment. This concern is ameliorated by a First Department opinion, Detrinca v De Fillippo (165 AD2d 505 [1st Dept 1991]), in which the First Department held that their review of CPLR 1603 does “not indicate that a party is required to allege a CPLR 1602 exception at any particular stage of the proceeding, we find the plain meaning of this statute is that a party may allege such exception at any time, subject to the provisions of CPLR 3025.” (Id. at 509.)
Pleading Requirements of CPLR 3018
It is clear that the article 16 apportionment defense is not one of those noninclusive enumerated defenses required to be affirmatively pleaded under CPLR 3018 (b). Any requirement to plead article 16 apportionment as an affirmative defense arises from that portion of CPLR 3018 (b) that provides that a “party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading.”
Justice Ritter observed that surprise at trial may result in the event that a defendant proves the culpability of an unnamed joint tortfeasor or surprise may result to the extent defendants attempt to “minimize their relative culpability by offering evidence on a different theory or theories of liability [than] those presented by the plaintiff.” (Marsala at 697 [Ritter, J. , concurring].) Such an ambush occurred, at trial, in Rodi v Landau (170 Misc 2d 180 [1996]), when defendant treating physician in a malpractice action introduced evidence of the negligence of a radiologist, who was unnamed in the action. Plaintiff was unaware of any negligence on the part of the radiologist prior to trial. At the close of trial and in the absence of any contrary evidence, the trial court directed a verdict on the issue of liability against the radiologist.
*124 With respect to a new factual issue being raised by apportionment, apportionment does not, by itself, necessarily raise an issue of fact not appearing on the face of a prior pleading. Though Justice Ritter, while addressing the sufficiency of the Marsala defendants’ bill of particulars, observed that defendants generally “need not affirmatively offer evidence establishing negligence on the part of their codefendants. By denying the allegations of the complaint, the respondents have effectively left the burden of proving their liability on the plaintiff.” (Marsala at 697 [Ritter, J., concurring].)
Therefore, pursuant to CPLR 3018 (b), if, and only if, an article 16 apportionment defense would likely surprise a plaintiff or if, and only if, apportionment injects a new factual issue into the case, then the article 16 apportionment defense must be pleaded.
Discussion
In the absence of any explicit guidance from the Appellate Division, First Department, and with a clear split between the Second and Fourth Departments of the Appellate Division, and in light of Justice Ritter’s concurrence, this Court holds that if a matter pertinent to article 16 apportionment would likely surprise an adverse party or raise issues of fact not appearing on the face of a prior pleading, as may occur when a defendant intends to submit proof of the culpability of an unnamed tortfeasor, or intends to minimize their relative culpability by offering evidence on a different theory or theories of liability than those pleaded by plaintiff, CPLR 3018 (b) requires defendant to affirmatively plead article 16 apportionment. When article 16 apportionment is required to be affirmatively pleaded pursuant to CPLR 3018 (b), defendant must, in turn, respond to a proper demand pursuant to CPLR 3041 to particularize those affirmative defenses.
Conversely, if there is no matter within defendant’s article 16 defense that would likely cause surprise to an adverse party and no matter that would raise an issue of fact not appearing on the face of a prior pleading, then there is no requirement under CPLR 3018 (b) to plead an article 16 defense. This Court does not find authority in the CPLR to require defendants to affirmatively plead and particularize those matters which would not likely be of surprise to plaintiff and would not raise new issues of fact.
As to the remedy, if defendants fail to plead and particularize upon a proper demand any matter pertinent to article 16 *125 apportionment that would surprise an adverse party or raise issues of fact not appearing on the face of a prior pleading, defendants are precluded from presenting evidence at trial of those matters. Moreover, preclusion of surprise evidence at trial, rather than outright denial of a statutorily mandated defense, as requested by plaintiff herein, is a tailored remedy that neither leaves the plaintiff ambushed at trial, nor revokes a mandated statutory defense whose automatic application is of no conceivable surprise to anyone. It is only the evidence presented at trial that can surprise a plaintiff, not article 16 itself.
Subsequent Repair Records
The general rule is that "evidence of subsequent repairs is not discoverable or admissible in a negligence case.” (Hualde v Otis El. Co., 235 AD2d 269, 270 [1st Dept 1997], citing Klatz v Armor El. Co., 93 AD2d 633 [2d Dept 1983].) As noted legal scholars have observed, “an opposite rule would discourage defendants from repairing dangerous conditions in order to avoid generating evidence against themselves (see, generally, 2 Wigmore, Evidence [Chadbourn rev, 1979], § 283; McCormick, Evidence [2d ed], 666-669; Richardson, Evidence [10th ed— Prince], §§ 168, 221).” (Caprara v Chrysler Corp., 52 NY2d 114, 122-123 [1981].) Furthermore, this general rule applies in a negligence action because “at the heart of such an action is either affirmative conduct in creating a dangerous condition or a failure to perceive a foreseeable risk and take reasonable steps to avert its consequences, proof that goes to hindsight rather than foresight most often is entirely irrelevant and, at best, of low probative value.” (Id. at 122.)
However, there are exceptions to the general rule. Evidence of subsequent repairs is widely held to be discoverable if there are issues of control and maintenance. (Klatz v Armor El., 93 AD2d 633, supra.) As Associates admits that it owned and controlled the premises, there are no issues of control and maintenance. Nevertheless, plaintiff argues that evidence of subsequent repairs is discoverable to prove that a dangerous condition existed and cites to dicta, in her only appellate authority, Steinel v 131/93 Owners Corp. (240 AD2d 301), to buttress her argument. However, plaintiff has not provided any factual foundation to support the necessity, in this case, to deviate from the general rule that evidence of subsequent repairs is not discoverable. Plaintiff also demands records of subsequent repairs for purposes of proving notice. As further *126 evidence of notice would not necessarily be cumulative and unnecessary, plaintiffs motion is granted to the limited extent of directing Associates to provide plaintiff with any repair requests made by Associates for a period of six months prior to the time of the incident, to the extent not already provided. (Shvets v Landau, 121 Misc 2d 34 [Sup Ct, Kings County 1983].)
Conclusion
Accordingly, that branch of plaintiffs motion that seeks to preclude defendants from claiming article 16 apportionment unless a bill of particulars is provided is granted to the limited extent that defendants are directed to particularize any matter that would likely surprise an adverse party or raise issues of fact not appearing on the face of a prior pleading, such as evidence of the culpability of an unknown tortfeasor, and evidence supporting different theories of liability than those presented by the plaintiff. If defendants fail to so particularize within 45 days of entry of this decision/order, defendants are precluded from presenting evidence at trial of those matters pertinent to article 16 apportionment that are likely to surprise plaintiff or raise issues of fact not appearing on the face of a prior pleading. Subject to the CPLR and further court order, defendants may amend or supplement their bill of particulars. That branch of plaintiffs motion that seeks an order directing production of evidence of subsequent repairs is granted to the limited extent of directing Associates to provide plaintiff with any repair requests made by Associates for a period of six months prior to the time of the incident, to the extent not already provided.