HILLSIDE EQUITIES, LLC, Respondent, v UFH APARTMENTS, INC., Doing Business as STERN MANAGEMENT, et al., Appellants. [747 NYS2d 541]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court improvidently exercised its discretion in conditionally striking the defendants' answer. The defendants timely interposed an objection to the plaintiff's demand for a bill of particulars as to their affirmative defenses. Although the

Supreme Court found that such objection was "unwarranted," the interposition of an objection does not rise to the level of willful, contumacious, or deliberate conduct necessary to impose the sanction of striking a party's pleading (*see Viteritti v Gelfand,* 289 AD2d 566; *Lavi v Lavi,* 256 AD2d 602).

Moreover, the plaintiff's demand for a bill of particulars as to the defendants' affirmative defenses was palpably improper insofar as it sought evidentiary material or information on which the defendants did not bear the burden of proof (*see Marsala v Weinraub,* 208 AD2d 689; *Scalone v Phelps Mem. Hosp. Ctr.,* 184 AD2d 65). Accordingly, the defendants' failure to move for a protective order against such demand did not warrant the penalty of striking their answer (*see Marsala v Weinraub, supra; Bouton v County of Suffolk,* 125 AD2d 620). Therefore, the judgment is reversed, so much of the order as granted the plaintiff's motion to the extent of directing the defendants to serve a bill of particulars as to their affirmative defenses within 20 days and conditionally struck their answer is vacated, the motion is denied, the answer is reinstated, the plaintiff's demand for a bill of particulars as to the defendants' affirmative defenses is stricken, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

The defendants' remaining contentions have been rendered academic in light of our decision herein. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.