*999 OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
In this medical malpractice case, plaintiff alleges that defendant, Jean Kalache, M.D., departed from accepted standards of medical practice in the care and treatment of the plaintiff by-causing a fracture of plaintiffs distal tibia and fibula during the operation of August 29, 2006. He also alleges that defendant departed from accepted standards of medical practice in his care and treatment of the plaintiff by (1) the method defendant used to fix and stabilize the plaintiffs fractures on August 29, 2006; (2) permitting plaintiff to be partial weight bearing upon discharge on September 1, 2006; and (3) by removing plaintiffs cast on October 9, 2006 and allowing him to leave defendant’s office without stabilizing and/or immobilizing his right leg.
During the closing charge conference with this court, defendant requested a comparative negligence charge arguing that plaintiff was in part responsible for the injuries he sustained to his right leg. In his answer, defendant asserted an affirmative defense pursuant to CPLR article 16 regarding joint tortfeasor liability. This was the only reference to joint liability. Defendant did not assert a claim for contribution against plaintiff. The issue before this court is whether defendant has properly asserted a comparative negligence claim and, thus, is entitled to such a jury charge.
Discussion
Pursuant to CPLR 3018:
“(b) Affirmative defenses. A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading such as arbitration and award, collateral estoppel, [or] culpable conduct claimed in diminution of damages as set forth in article fourteen-A” (emphasis added).
Here, although defendant pleaded an affirmative defense with respect to article 16, he did not plead the affirmative defense of comparative negligence nor did he allege facts which set forth a comparative negligence defense. Defendant argues, however, that the holding in Elkins v Ferencz (263 AD2d 372 [1st Dept 1999]) allows this court to instruct the jury on the issue of comparative negligence. In Elkins, the First Department held *1000 that, where defendant’s defense to a dental malpractice action was plaintiffs culpable conduct, it was reversible error for the trial court not to charge comparative negligence.
Therefore, the question presented is whether by pleading an affirmative defense pursuant to CPLR article 16, defendant provided plaintiff with sufficient notice of his claim for contribution under the theory of comparative negligence.
CPLR article 16 provides, in relevant part:
“1601. Limited liability of persons jointly liable “1. Notwithstanding any other provision of law, when a verdict or decision in an action or claim for personal injury is determined in favor of a claimant in an action involving two or more tortfeasors jointly liable . . . and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant’s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.” (Emphasis added.)
In Marsala v Weinraub (208 AD2d 689 [2d Dept 1994]), the Second Department held that a defendant did not have to plead article 16 as an affirmative defense stating: “it is clear from reading CPLR article 16 as a whole that whenever a plaintiff sues multiple defendants, CPLR Article 16 will apply unless the plaintiff can show that one of the situations in CPLR 1602 applies.” (Id. at 690.)
In his concurring memorandum in Marsala, Justice David Ritter, although agreeing with the decision, concluded that an article 16 defense should be pleaded as an affirmative defense. In so doing, Justice Ritter set forth the legislative history underlying CPLR article 16. Justice Ritter wrote (208 AD2d at 694-697):
“II OVERVIEW OF CPLR ARTICLE 16
“CPLR article 16 was enacted in 1986 as part of a legislative package commonly known as the ‘Toxic Torts’ bill. The law significantly, albeit only partially, amends the rule of joint and several liability applied in New York for centuries. Under the joint and several rule, an injured claimant can obtain full compensation from any culpable tortfeasor named in the lawsuit with a sufficient ‘deep *1001 pocket’. The deep pocket defendant, even if only slightly culpable, remains fully responsible for the shares attributable to all other joint tortfeasors, named or unnamed in the lawsuit. At common law, the defendant did not even have recourse against his joint tortfeasors, an inequity that has been addressed to some degree under the doctrine of contribution (see, Sommer v Federal Signal Corp., 79 NY2d 540, 555-557). The rules of contribution, codified under CPLR article 14, distribute the loss more equitably between the culpable parties, according to their relative degree of fault (CPLR 1402). However, the claimant’s right to obtain full payment of a judgment against the solvent deep pocket defendant essentially remains unaffected under CPLR article 14 (see, CPLR 1404 [a]). In practice, even under CPLR article 14, defendants with marginal responsibility, such as a municipality, still must pay large judgments with no hope of obtaining reimbursement from more culpable, but less solvent, defendants.
“Public calls for reform of the joint and several liability rule, and concerns about other issues affecting the liability insurance industry, were addressed by an Advisory Commission formed by the Governor. CPLR article 16 emerged as a modified version of the Advisory Commission’s recommendation to make defendants severally liable for noneconomic loss (see, Governor’s Mem approving L 1986, ch 682, 1986 NY Legis Ann, at 288-289).
“Under CPLR 1601 (1), a defendant found 50% or less culpable is entitled to several liability status, and cannot be compelled to pay more than its equitable share of any judgment awarded to the claimant for noneconomic loss. Critically, the law now effectively puts the plaintiff in peril and makes it incumbent upon the plaintiff to join all culpable parties subject to the court’s personal jurisdiction. This enhanced responsibility arises because the relative culpability of nonparties must now be considered by the trier of the facts in apportioning liability under CPLR 1601, unless the plaintiff is able to prove that he or she was unable, despite the exercise of due diligence, to obtain personal jurisdiction over the nonparty (see, Zakshevsky v City of New York, 149 Misc 2d 52).
*1002 “The consideration of a nonparty’s culpability and the prospect that the most culpable tortfeasor is insolvent, could prevent a claimant from obtaining full compensation. This highlights the need for requiring the defendants to provide adequate notice of their claims pursuant to CPLR article 16. The due diligence issue itself may be complex, and should, if possible, be decided by the court in advance of trial (see, PJI 2:275 [1993 Supp]).
“CPLR 1603, entitled ‘Burdens of proof, is also relevant to the issues here. It requires any person wishing to avoid the application of CPLR article 16, usually the plaintiff, to establish one or more of the exemptions enumerated in CPLR 1602 by a preponderance of the evidence. More importantly, a party seeking limited liability pursuant to CPLR article 16 has the burden of proving, also by a preponderance of the evidence, ‘its equitable share of the total liability’. In light of this burden of proof, the Appellate Division, Fourth Department, in the only appellate decision to address the questions at issue here, held that a party asserting CPLR article 16 as an affirmative defense must provide a responsive bill of particulars when served with a proper demand (see, Ryan v Beavers, 170 AD2d 1045, 1046). For the reasons that follow, I agree with the holding of the Fourth Department in Ryan.
“HI CPLR ARTICLE 16 SHOULD BE PLEADED AS AN AFFIRMATIVE DEFENSE
“Assertion of apportionment pursuant to CPLR article 16 is a defense similar to the comparative negligence defense that must be asserted under CPLR article 14-A. Under CPLR 1412, ‘culpable conduct claimed in diminution of damages’ attributable to the claimant must be pleaded as an affirmative defense and proved by the party asserting the defense. The pleading burden specified by CPLR 1412 is expressly incorporated into the noninclusive list of affirmative defenses that must be pleaded under CPLR 3018 (b). CPLR article 16 likewise imposes the burden of proof on the party seeking several liability status; as noted by one well-known commentator, it amounts to a defense that should be pleaded as such in the answer (see, Siegel, New York Practice, § 168 [D] [2d ed]).
*1003 “The enumerated list of affirmative defenses that must be pleaded under CPLR 3018 does not specify CPLR article 16 apportionment, but the list is not exhaustive. Imposing such a burden is consistent with the direction of CPLR 3018 (b) requiring a party to ‘plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading’.
“New matter, even partial defenses such as evidence offered in mitigation of damages, should be pleaded in order to eliminate surprise and to permit the plaintiff to know what contentions will be inteijected at trial (see, 3 Weinstein-Korn-Miller, NY Civ Prac, 1111 3018.13, 3018.17). The assertion of a defense pursuant to CPLR article 16, particularly in a case such as this, where the respondents have sought to reserve the right to limit liability, in whole or in part, by proving the culpability of an unnamed joint tortfeasor, interjects new matter into the proceedings. Additionally, one or more of the named respondents may attempt to minimize their relative culpability by offering evidence based on a different theory or theories of liability than those presented by the plaintiff. The plaintiff should be alerted to such new matter by appropriate notice provided in the responsive pleadings, and if necessary, amplification by way of a bill of particulars.”
It is clear from Justice Ritter’s excellent discussion of CPLR article 16 that the purpose it was enacted for was to remedy the problem of marginally liable defendants being fully liable to a plaintiff for all damages caused by the actions of codefendants or nonparties. CPLR article 16, therefore, addresses the apportioning of liability among codefendant and nonparties.
Conversely, the culpable conduct attributable to a plaintiff is governed by CPLR article 14-A. CPLR 1411, “Damages recoverable when contributory negligence or assumption of risk is established,” reads as follows:
“In any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent *1004 bears to the culpable conduct which caused the damages.” (Emphasis added.)
CPLR 1412 provides that “[c]ulpable conduct claimed in diminution of damages . . . shall be an affirmative defense to be pleaded and proven by the party asserting the defense.”
Based upon the foregoing, it cannot be said that defendant’s assertion of an affirmative defense pursuant to CPLR article 16 provided plaintiff with notice that defendant was asserting a comparative negligence defense pursuant to CPLR article 14-A.
Notably, defendant does not seek to apportion liability between other defendants and nonparties. Rather, he seeks to apportion liability between the plaintiff and the defendant and that affirmative defense, pursuant to CPLR article 14-A, “shall be an affirmative defense to be pleaded and proved by the party asserting the defense.” (CPLR 1412.)
Here, there is no dispute that defendant did not plead the affirmative defense of comparative negligence. Moreover, based upon the foregoing analysis, defendant’s CPLR article 16 defense did not provide plaintiff with notice of a comparative negligence defense. Therefore, in the absence of pleading a comparative negligence affirmative defense or specific facts alleging such an affirmative defense, defendant is not entitled to a charge of comparative negligence.
Defendant’s reliance upon Elkins v Ferencz (263 AD2d 372 [1st Dept 1999]) to support his request for a comparative negligence charge is not persuasive. In Elkins, it was the crux of the defense that plaintiff bore a major responsibility for the development of her periodontal disease. Notably, Elkins does not state whether comparative negligence was pleaded as an affirmative defense by defendant. Nevertheless, the primary focus of defendant’s case was that the periodontal disease experienced by plaintiff was caused by plaintiffs heavy use of prescription drugs and alcohol. Thus, the Elkins Court held it was reversible error for the trial court to deny defendant’s request for a comparative negligence charge.
Here, however, the crux of Dr. Kalache’s defense is not plaintiffs culpable conduct, but rather that defendant did not deviate from accepted standards of medical practice in the care and treatment of plaintiff. Accordingly, Dr. Kalache’s comparative negligence charge request is denied.