*53 OPINION OF THE COURT
Ira B. Harkavy, J.
Defendant City of New York moved pursuant to CPLR 1601 for a charge to the jury which allows them to apportion the alleged negligence herein among the defendant, plaintiff Paul Zakshevsky (hereinafter referred to in the singular as plaintiff) and an alleged nonparty tort-feasor.
The question addressed herein is the applicability of CPLR article 16 to an accident which occurred on August 9, 1986 subsequent to July 30, 1986, the effective date of CPLR article 16.
The facts of the case are as follows: On August 9, 1986 at approximately 8:00 p.m., plaintiff was walking upon the front stairway at the 75th Precinct, 1000 Sutter Avenue, Brooklyn, New York, where he was employed as a police officer. As he reached the second floor landing he saw debris and an extension cord wire on the landing. He tried to avoid both but was caused to trip and fall over the wire. The evidence at trial revealed that the City had engaged Five Boro Roofing and Sheet Metal Company (Five Boro) to make repairs at the premises. The evidence further revealed that employees of Five Boro performed work on the stairway where plaintiff was injured the day before the accident, and that they failed to clean up and clear the stairway landing leaving the debris and an extension cord wire on the landing.
Plaintiffs sued the City of New York and the New York City Police Department alleging negligence in the operation and control of the building. No suit was commenced against Five Boro. The City of New York contends that the accident occurred due to the negligence of Five Boro and requests a charge directing the jury to determine the negligence of Five Boro and to consider any such negligence, if found, in determining the percentage of negligence of all culpable parties. This was done in order for the City of New York to obtain the noncontribution protection of this new statute if the jury finds New York City less than 50% negligent.
CPLR article 16 came into effect on July 30, 1986. Since the accident occurred on August 9, 1986 the provisions contained therein are applicable to this case.
CPLR 1601 reads in relevant part as follows: "1. Notwithstanding any other provision of law, when a verdict or decision in an action or claim for personal injury is determined in favor of a claimant in an action involving two or more *54 tortfeasors jointly liable * * * and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant’s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss; provided, however that the culpable conduct of any person not a party to the action shall not be considered in determining any equitable share herein if the claimant proves that with due diligence he was unable to obtain jurisdiction over such person in said action”.
An analysis of the case at bar demonstrates the applicability of the new statute. The instant case is a personal injury action wherein plaintiff seeks to recover for noneconomic loss, i.e., pain and suffering. The jury could find one or both possible tort-feasors as culpable. The court, as a matter of law, determines that there is no valid reason why plaintiff could not have obtained jurisdiction over Five Boro. The court therefore must allow the jury to determine the alleged negligence of Five Boro along with the negligence of the City of New York and plaintiff.
Since the jury found Five Boro 50% negligent, the City of New York 25% negligent and plaintiff 25% negligent, the defendant City of New York is afforded the protection of CPLR 1601 which extends only to those defendants who are found 50% or less liable and as such is only liable to plaintiff for 25% of the amount to be awarded by the jury for noneconomic loss.
The old rule was that tort-feasors have been jointly and severally liable to the plaintiff and the plaintiff could sue any, all or just one of those tort-feasors. The plaintiff could collect 100% of any judgment obtained from the tort-feasor(s) sued without regard to their percentage of culpability. The defendant with the "deep pocket” need only be held in for a small percentage and yet be liable for the full amount of the judgment.
Clearly the statute was designed to protect potential defendants such as the City of New York and other similar "deep pockets”. It essentially forces a plaintiff to sue all alleged tort-feasors. Unless plaintiff meets the additional burden placed upon him by the statute, by showing that personal jurisdiction could not have been obtained over a party, plaintiff runs the risk of obtaining a partial recovery. Plaintiff must *55 show that he could not serve the prospective defendant, which is unlikely due to the availability of the New York long-arm jurisdiction and/or that the prospective defendant has defaulted after service.
Accordingly, the court affirms its decision to permit the jury to decide the negligence of Five Boro, the nonparty tort-feasor. The court further refuses to set aside the jury determination that Five Boro was 50% negligent, the City of New York 25% negligent, and plaintiff 25% negligent.