OPINION OF THE COURT
Bruce D. Alpert, J.
In this application defendant Andrew M. Goldstein, M.D. moves for summary judgment pursuant to CPLR 3212.
The instant application is supported, inter alia, by a copy of the amended summons and complaint, the answer interposed by the movant, portions of testimony taken at an examination before trial of codefendant Lawrence M. Kleinman, M.D. and an affidavit authored by the movant in which he renders opinions of an exculpatory nature.
"As we have stated frequently, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404).” (Alvarez v Prospect Hosp., 68 NY2d 320, 324.)
Neither the plaintiff nor any of the codefendants challenge the sufficiency of the movant’s showing. As a consequence thereof, the evidentiary burden has shifted from the moving party to those litigants that would be affected by a grant of the relief sought (see, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965).
"We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient (Alvord v Swift & Muller Constr. Co., 46 NY2d 276, 281-282; Fried v Bower & Gardner, 46 NY2d 765, 767; Platzman v American Totalisator Co., 45 NY2d 910, 912; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290).” (Zuckerman v City of New York, 49 NY2d 557, 562, supra.)
Neither the plaintiff nor any of the codefendants have offered evidence tending to demonstrate the presence of any material triable factual issues concerning Dr. Goldstein’s asserted responsibility, in whole or in part, for the injuries allegedly *183 sustained by plaintiffs intestate. Thus, the movant’s entitlement to summary disposition stands unchallenged.
While the plaintiff took no position with respect to the movant’s entitlement to the relief sought, and in fact acknowledges an inability to make a contrary showing, counsel has raised what appears to be an issue of first impression which concerns the remaining defendants’ opportunity to obtain the limited liability benefits of CPLR article 16 based on the movant’s purported professional negligence.
By order dated September 19, 1997, this court afforded notice of its intention to consider the issue thus raised, and adjourned the instant application, sua sponte, to allow for the submission of further papers so as to foster a full and fair opportunity to contest the matter on its merits.
The defendants that advocate against a limitation of the opportunity to seek refuge under article 16’s penumbra predicate their arguments on two separate, but related bases.
While defendant South Nassau Communities Hospital posits that it has no obligation to assert its rights under article 16 until the time of trial, counsel for defendant Julius A. Bazan, M.D. contends that as the right to seek contribution against the movant may be extended well beyond entry of judgment against one or more of the remaining defendants, proof of Dr. Goldstein’s culpability may be similarly deferred.
Each argument, when reduced to essential elements, is based on timing; that in the view of counsel resolution of the issue raised would be premature at this juncture. For the reasons hereinafter articulated, this court disagrees.
The assertion that in this context a defendant may await the trial of an action to assert its rights under article 16 (or entry of judgment to initiate an action for contribution) fails to recognize the function served by a motion brought pursuant to CPLR 3212. "[S]ummary judgment is the procedural equivalent of a trial (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, supra), requiring a party to submit in opposition 'evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact’ (Indig v Finkelstein, 23 NY2d 728, 729).” (Adam v Cutner & Rathkopf, 238 AD2d 234, 240 [1st Dept]; see also, State of New York v Metz, 171 Misc 2d 525, 529.)
Since a motion for summary judgment is the functional equivalent of a trial, it follows therefrom that any defendant intending to obtain the limited liability benefits of CPLR article *184 16 based on the movant’s purported professional negligence must, under penalty of forfeiture, adduce proof on point in admissible form in response to the prima facie case presented.
While there is nothing in article 16 that requires a defendant to disclose prior to trial the identity of those tortfeasors whose joint liability will be invoked (see, Rodi v Landau, 170 Misc 2d 180; see also, Marsala v Weinraub, 208 AD2d 689), the establishment of prima facie entitlement to summary relief by one of the defendants in this litigation alters the equation, and, in this court’s view, serves to require a contrary evidentiary showing if a grant of the relief sought, together with all attendant ramifications, is to be avoided.
WTiile counsel aptly notes the general rule that ties accrual of a cause of action for contribution to the payment of the underlying claim, "[t]he equity for contribution arises at the time of the creation of the relationship between the parties which gives rise to the right and ripens into a cause of action for reimbursement in favor of a party when he, being under a legal liability therefor, satisfies, by payment or otherwise, more than his just proportion of the common obligation or liability. Or, stated in terms applicable to actions at law, the implied promise to contribute is considered as made at the time the common liability is assumed, and the right to sue thereon arises when a party has paid the whole of the obligation or more than his share thereof.” (23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 14 [emphasis supplied]; see also, CPLR 1401 et seq.)
The pendency of a formal claim cast as a pleading in an existing action is not always a prerequisite to the adjudication of the rights of the parties over whom or which in personam jurisdiction has been obtained, it being sufficient that the right to pursue a claim and/or initiate litigation is currently available. (See generally, Matter of Aetna Cas. & Sur. Co. v Arhaniotis, 202 AD2d 497; Matter of Metropolitan Prop. & Liab. Co. v Pisanelli, 151 AD2d 761.)
For the reasons herein stated, the motion by defendant Andrew M. Goldstein, M.D. is granted. The action against the remaining defendants is severed and continued, and the caption shall be deemed amended accordingly.
Inasmuch as a motion for summary judgment is the functional equivalent of a trial and the remaining defendants failed to satisfy the evidentiary burden that shifted upon the *185 movant’s prima facie showing, the opportunity to limit liability under article 16 with respect to the movant’s acts or omissions has been forfeited.