■ WHITNEY BROWN et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 88785.) [702 NYS2d 617] —In a claim to recover damages for personal injuries, etc., the claimants appeal from (1) a decision of the Court of Claims (Marin, J.), dated September 29, 1998, (2) an interlocutory judgment of the same court, dated October 27, 1998, which, after a nonjury trial on the issue of liability, found the defendant 15% at fault in the happening of the accident, and (3) an order of the same court, dated April 19, 1999, which

denied their motion pursuant to CPLR 4404 to set aside the verdict, and the defendant cross-appeals, as limited by its brief, from so much of the interlocutory judgment as found it 15% at fault in the happening of the accident.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the interlocutory judgment and the order are affirmed, without costs or disbursements.

The claimants contend that the court erred when it considered the culpability of the injured claimant's employer in determining the defendant's liability. The relevant statutory provisions, CPLR 1601 and 1602, were amended effective September 10, 1996, as part of the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635). The instant claim was commenced in 1994, before the effective date of the amendment. Since the amendment applies prospectively only (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 582; *Maher v Whitehead,* 254 AD2d 263; *Blessinger v Estee Lauder Cos.,* 246 AD2d 363), the pre-amendment provisions must be considered in resolving this issue.

Under CPLR 1601 (1), in an action or claim to recover damages for personal injuries, a defendant whose proportionate share of the fault is 50% or less is liable for the plaintiff's noneconomic loss only to the extent of such proportionate share. Generally, the relative culpability of each person causing or contributing to the total liability for noneconomic loss was taken into account, not just the culpability of those persons who were made defendants in the action (*see,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1601:2, at 606; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 1601.01; *see, e.g., Zakshevsky v City of New York,* 149 Misc 2d 52). Before the amendment to CPLR 1601 (1), the statute provided that the culpable conduct of a nonparty tortfeasor was excluded from consideration only if the plaintiff proved that, despite due diligence, he or she was unable to obtain personal jurisdiction over that person in the action or claim against the State in a court of this State (*see,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1601:2, at 606; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 1601.01; *see, e.g., Zakshevsky v City of New York, supra,* at 54-55). Workers' Compensation Law § 11, which bars an employee from suing an employer to recover damages for an injury sustained in the course of employment, does not constitute in-

ability to obtain jurisdiction within the meaning of the former CPLR 1601 (*see, Duffy v County of Chautauqua,* 225 AD2d 261, 266). Moreover, the exception contained in the former CPLR 1602 (4) is not applicable since it refers only to circumstances where the person protected by Workers' Compensation Law was impleaded in the action or claim (*see,* CPLR former 1602 [4]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1601:4, at 615; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 1602.04; Siegel, NY Prac § 168C, at 271-272 [3d ed]).

The court's finding that the defendant was 15% at fault in the happening of the accident for violating Labor Law § 200 is supported by legally sufficient evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Greenberg v Behlen,* 220 AD2d 720; *Anderson v Baker,* 248 AD2d 572). Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.