(July 13, 2010)

■ RACHEL L. ARFA et al., Appellants-Respondents, v GADI ZAMIR et al., Defendants. 546-552 WEST 146TH STREET LLC et al., Intervenors-Defendants/Counterclaim Plaintiffs/Cross-Claim Plaintiffs-Respondents-Appellant, et al., Intervenor-Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff, v RACHEL L. ARFA et al., Counterclaim-Defendants-Appellants-Respondents, et al., Cross-Claim Defendants. (And Another Action.) [905 NYS2d 97]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 16, 2008, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to dismiss intervenors-defendants' claims for an accounting and for waste and mismanagement as against plaintiff Rachel L. Arfa and granted plaintiffs' and cross-claim defendants' motions to dismiss the claim for statutory restitution, penalties and fees pursuant to Real Property Law § 440-a, unanimously affirmed, without costs.

Intervenors-defendants, which are New York limited liability companies, allege in support of their first and fifth claims (respectively, for an accounting and for waste and mismanagement) that they were managed by Harlem Holdings, LLC, a Delaware limited liability company; that the 60% owner of Harlem Holdings was Argelt LLC, an entity owned in part by plaintiff Arfa; that Arfa, in addition to being (through Argelt) a beneficial owner of Harlem Holdings, was one of Harlem Holdings' three managers; and that Arfa used her resulting control over intervenors-defendants' property to benefit herself at intervenors-defendants' expense. As it is alleged that Arfa was a beneficial owner and fiduciary of the entity that managed intervenors-defendants, intervenors-defendants have stated causes of action sounding in breach of fiduciary duty against her under both New York and Delaware law (see Bullmore v Ernst & Young Cayman Is., 45 AD3d 461 [2007]; In re Treco, 229 BR 280, 289 [1999], affd 239 BR 36 [SD NY 1999], vacated on other grounds 240 F3d 148 [2d Cir 2001]; Bay Cent. Apts. Owner, LLC v Emery Bay PKI, LLC, 2009 WL 1124451, *9-10, 2009 Del Ch LEXIS 54, *32-39 [Del Ch 2009]; In re USACafes, L.P. Litig., 600 A2d 43, 48-50 [Del Ch 1991]).

Intervenors-defendants' second claim alleges that cross-claim defendant Amelite Management Services, Inc., the management company owned by plaintiffs Arfa and Alexander Shpigel and defendant/cross-claim defendant Gadi Zamir, while not licensed as a real estate broker, performed services for which a license is required under Real Property Law § 440-a. However, the documentary evidence demonstrates that Amelite, which admitted that it was not licensed, delegated the authority to perform those services to third-party unaffiliated licensed property management companies and therefore did not violate the statute by acting as a real estate broker.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli,

J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ. [**Prior Case History: 21 Misc 3d 1101(A), 2008 NY Slip Op 51908(U).**]