■ MARVIN PUTTER et al., Respondents, v BERNARD PUTTER et al., Defendants, and LLOYD PUTTER, Appellant. [915 NYS2d 505]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant Lloyd Putter appeals from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated December 8, 2009, as denied those branches of his cross motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first, second, third, fourth, sixth, seventh, and eighth causes of action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 145 [2009] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Contrary to the appellant's contention, the complaint states causes of action alleging breach of fiduciary duty, conversion, unjust enrichment, money had and received, and the imposition of a constructive trust (*see generally Arfa v Zamir*, 75 AD3d 443 [2010]; *Castaldi v 39 Winfield*

*Assoc.*, 30 AD3d 458 [2006]; *Clark v Daby*, 300 AD2d 732 [2002]; *Matter of Witbeck*, 245 AD2d 848, 850-851 [1997]). Accordingly, the Supreme Court properly denied those branches of the appellant's cross motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first, second, third, fourth, sixth, seventh, and eighth causes of action insofar as asserted against him. Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.