■ SAMUEL SONNY CRANE, as a Shareholder and on Behalf of All Other Shareholders of BPC MANAGEMENT CORP. and PROGRESSIVE MANAGEMENT CORP. Similarly Situated, Respondent, v BPC MANAGEMENT CORP. et al., Appellants. [934 NYS2d 491]—

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a

material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]).

Here, contrary to the defendants' contention, the complaint sufficiently states causes of action alleging breach of fiduciary duty, unlawful diversion of funds, waste of corporate funds, unlawful transfer of corporate assets and funds, and conversion (*see Putter v Putter*, 80 AD3d 742 [2011]; *Castaldi v 39 Winfield Assoc.*, 30 AD3d 458 [2006]; *Morris v Morris*, 306 AD2d 449, 451 [2003]). The evidentiary material the defendants submitted failed to demonstrate that a material fact alleged in the complaint was "not a fact at all" (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Quesada v Global Land, Inc.*, 35 AD3d 575, 576 [2006]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.