OPINION OF THE COURT
Dillon, J.P.
We address, for the first time at an appellate level, whether a defendant’s failure to oppose a codefendant’s motion to dismiss a complaint and cross claims pursuant to CPLR 3211 precludes that party from later asserting that its liability is limited under *253 CPLR article 16. For the reasons set forth below, we hold that, in this instance, it does not.
On August 4, 2005, the injured plaintiff in action No. 1, Rosanne Hendrickson (hereinafter the injured plaintiff), was operating a 1996 Ford Explorer owned by her father, William Malone, on Interstate Route 80 in New Jersey, when the left rear tire of the vehicle sustained a tread separation, causing the vehicle to swerve across three lanes of travel, and ultimately roll over several times after leaving the highway. The vehicle was manufactured by the defendant Ford Motor Company (hereinafter Ford), and sold by the defendant Philbor Motors, Inc., doing business as Hempstead Ford (hereinafter Philbor). The subject tire had been manufactured by the defendant Cooper Tire and Rubber Company (hereinafter Cooper Tire). At the time of the accident, Malone was riding in the front passenger seat and his two grandchildren were riding in the back seat.
The injured plaintiff and her husband, Dennis Hendrickson, suing derivatively (hereinafter together the Hendricksons), commenced action No. 1 against Philbor, Ford, and Cooper Tire. The causes of action asserted against Ford in action No. 1 alleged defective design and defective manufacture of the vehicle, breach of warranty, failure to warn, strict products liability, and misrepresentation. Malone commenced a separate action (hereinafter action No. 2) to recover damages against Philbor, Ford, Cooper Tire, and the injured plaintiff. In both actions, Cooper Tire asserted, as an affirmative defense, that its liability should be limited pursuant to CPLR article 16.
Philbor moved for summary judgment dismissing the complaints and all cross claims insofar as asserted against it in both actions. Although Ford answered the Hendricksons’ complaint in action No. 1, it later cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the complaints and all cross claims insofar as asserted against it in both actions for failure to state a cause of action. Both Philbor’s motion and Ford’s cross motion were unopposed by any party. While the motion and cross motion were pending, the Hendricksons separately cross-moved, in effect, pursuant to CPLR 3211 (b) to dismiss any affirmative defense asserted by Cooper Tire that was based on CPLR article 16, and for summary judgment dismissing any such affirmative defense, in the event that the respective motion and cross motion of Philbor and Ford were granted, and the complaints were dismissed insofar as asserted against each or both of them. Cooper Tire opposed the Hendricksons’ cross motion.
*254 In an order dated January 5, 2011, the Supreme Court granted Philbor’s unopposed motion for summary judgment (2011 NY Slip Op 33629[U] [2011]). In the same order, the Supreme Court granted Ford’s unopposed cross motion for “Rule 3211 (a) (7) summary judgment” (2011 NY Slip Op 33629[U], *2).
The Supreme Court also granted the Hendricksons’ cross motion, thus barring Cooper Tire from seeking an apportionment of fault between Cooper Tire and either Philbor or Ford pursuant to CPLR article 16.
As limited by its brief, Cooper Tire appeals from so much of the order dated January 5, 2011, as granted that branch of the Hendricksons’ cross motion which was, in effect, pursuant to CPLR 3211 (b) to dismiss its affirmative defense seeking to apportion fault and/or damages pursuant to CPLR article 16 with respect to Ford, and for summary judgment dismissing that affirmative defense. For the reasons set forth below, we reverse the order insofar as appealed from.
Subject to certain exceptions not applicable here (see CPLR 1602), CPLR 1601 (1) limits the liability that can be imposed upon a defendant that is jointly and severally liable for noneconomic loss in instances where that defendant’s liability is found to be 50% or less of the total liability assigned to all persons liable (see Rangolan v County of Nassau, 96 NY2d 42, 45 [2001]). Under such circumstances, the joint and several liability of such a defendant shall not exceed its proportionate share of the total liability for the noneconomic loss (see CPLR 1601 [1]; Rangolan v County of Nassau, 96 NY2d at 46; Cole v Mandell Food Stores, 242 AD2d 552, 554 [1997], affd 93 NY2d 34 [1999]). The assessment of a defendant’s equitable share, as a percentage of the total liability assigned to “all persons liable” (CPLR 1601 [1]), must take account of not only persons who are parties to the action, but also persons who are nonparties over whom jurisdiction could be obtained (see Kharmah v Metropolitan Chiropractic Ctr., 288 AD2d 94 [2001]; Brown v State of New York, 268 AD2d 548, 549 [2000]; Siler v 146 Montague Assoc., 228 AD2d 33, 39 [1997]; Zakshevsky v City of New York, 149 Misc 2d 52, 54 [1990]; Siegel, NY Prac § 168C [5th ed]).
The Hendricksons argued before the Supreme Court, and now argue in response to Cooper Tire’s appeal, that because Cooper Tire failed to contest the award of “summary judgment” to Ford, Ford received the functional equivalent of a trial that *255 collaterally estops Cooper Tire from attributing a portion of liability to Ford in calculating the apportionment otherwise required by CPLR article 16 (see Sellino v Kirtane, 73 AD3d 728, 729 [2010]; Johnson v Peloro, 62 AD3d 955, 956-957 [2009]; Drooker v South Nassau Communities Hosp., 175 Misc 2d 181, 183 [1998]). Indeed, in Drooker, the Supreme Court specifically and correctly noted that since summary judgment is the “functional equivalent” of a trial, it follows that the limited liability benefits for defendants under CPLR article 16 are forfeited as to any codefendant who has been awarded summary judgment in its favor (Drooker v South Nassau Communities Hosp., 175 Misc 2d at 183).
Cooper Tire distinguishes the facts of the instant matter from the foregoing principles by arguing that the complaints and cross claims were dismissed against Ford not via summary judgment under CPLR 3212 but, rather, pursuant to CPLR 3211 (a) (7) for the Hendricksons’ and Malone’s failure to state a cause of action against Ford. Since CPLR 3211 (a) (7) dismissals merely address the adequacy of the complaint, and do not reach the substantive merits of a plaintiffs cause of action or a defendant’s defenses, Cooper Tire argues that there has been no “functional equivalent” of a trial that would bar Ford’s inclusion in the calculus of CPLR 1601 (1) that applies, as it does, to “all persons liable” (cf. Maurischat v County of Nassau, 81 AD3d 793, 794 [2011]; Amsterdam Sav. Bank v Marine Midland Bank, 140 AD2d 781, 782 [1988]).
Here, the issue Ford presented to the Supreme Court in its notice of cross motion was that the Hendricksons’ complaint “failed to state a cause of action upon which relief can be granted,” and that all cross claims should be dismissed as well. Thus, Ford sought relief pursuant to CPLR 3211 (a) (7). While such motions are usually addressed to the sufficiency of a complaint, a third-party complaint, a cross claim, or a counterclaim, as set forth within the four corners of such a pleading, and the allegations of such a pleading, which must be afforded a liberal construction, are accepted as true (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Trotta v Ollivier, 91 AD3d 8 [2011]; Winkler v Battery Trading, Inc., 89 AD3d 1016 [2011]; Gioeli v Vlachos, 89 AD3d 984 [2011]), Ford did not specifically argue in its cross motion that the Hendricksons’ complaint or any cross claim was deficient per se. Rather, Ford, which had earlier answered the Hendricksons’ complaint, supported its cross motion with a copy of the Hendricksons’ interrogatory responses, *256 in which the Hendricksons conceded that the Ford automobile, as designed and manufactured, was not defective in a manner proximately related to the Hendricksons’ accident, and further conceded the absence of any breach of an expressed or implied warranty. They further conceded the absence of any failure to warn of any dangers inherent in the Ford automobile and that Ford did not fail to provide them with any instructions necessary to operate the automobile safely. A reading of Ford’s cross motion in its totality suggests a lack of clarity as to whether its cross motion was truly intended as a CPLR 3211 (a) (7) cross motion to dismiss the complaints and all cross claims insofar as asserted against it and, thus, addressed only to the four corners of the pleadings, or whether it was, in reality, a CPLR 3212 cross motion for summary judgment that relied upon substantive discovery responses, and was merely mischaracterized by Ford as a cross motion governed by CPLR 3211.
Compounding the confusion over whether Ford’s cross motion was governed by CPLR 3211 or 3212, the Supreme Court’s order conflated the two concepts by reciting that it awarded “Rule 3211 (a) (7) summary judgment” to Ford. The disposition is a contradiction in terms, as a successful CPLR 3211 (a) (7) motion will result in the dismissal of a complaint or other pleading without addressing the merits, while a successful CPLR 3212 motion awards judgment to the moving party on the merits as a matter of law. At no time did the Supreme Court notify the parties that it was treating Ford’s cross motion as a cross motion for summary judgment, as courts are statutorily required to do under CPLR 3211 (c) when a motion to dismiss a complaint or other pleading is to be treated as a motion for summary judgment dismissing a complaint or other pleading (see Moutafis v Osborne, 18 AD3d 723 [2005]; Roth v Goldman, 254 AD2d 405 [1998]).
We agree with Cooper Tire that if the granting of Ford’s cross motion was a result of the failure of the complaints or any other pleading to state a cause of action, then there has been no functional equivalent of a trial here, and Ford may be considered to be among “all persons liable” within the meaning of CPLR article 16. Conversely, we agree with the Hendricksons that if Ford’s cross motion were treated by the parties and the Supreme Court as one for summary judgment, then the functional equivalent of a trial has been held, and Ford cannot be assessed liability for the plaintiffs’ damages to any degree—not even by the application of CPLR 1602 (1). Until now, no New York ap *257 pellate court has been called upon to draw a distinction between the effect of dispositions under CPLR 3211 and 3212 in the context of CPLR article 16 limitations on liability.
The fact that Ford made its CPLR 3211 (a) (7) cross motion after interposing its answer in action No. 1, instead of making a pre-answer motion, is of no moment. All motions under CPLR 3211 are to be made “[a]t any time before service of the responsive pleading” (CPLR 3211 [e]), except that CPLR 3211 motions may be made after service of the party’s answer in three circumstances: when the motion is based upon subdivision (a) (2) subject matter jurisdiction, (a) (7) failure to state a cause of action, or (a) (10) nonjoinder of a necessary party (see CPLR 3211 [e]). Here, since Ford’s cross motion sought dismissal of the complaints pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, its post-answer timing does not necessarily or definitionally transform it into a motion for summary judgment.
Another question presented here is whether a CPLR 3211 (a) (7) motion can be granted based upon the movant’s presentation of extrinsic documentation consisting of the plaintiffs’ discovery responses. Notably, Ford’s notice of cross motion never expressly referred to CPLR 3211 (a) (1), which allows for the dismissal of a complaint or other pleading based on a defense founded upon documentary evidence. Had the cross motion been made under CPLR 3211 (a) (1), it would have been untimely, as Ford’s answer to the complaint in action No. 1 had already been served (see CPLR 3211 [e]) and, thus, the only appropriate vehicle for seeking dispositive relief in action No. 1 based upon the documentary evidence would have been by means of a CPLR 3212 summary judgment motion.
A court may, however, consider evidentiary material submitted by a defendant in support of a CPLR 3211 (a) (7) motion to dismiss a complaint or other pleading (see CPLR 3211 [c]). Where, as here, evidentiary materials, such as the plaintiffs’ sworn interrogatory responses, are submitted, the criterion becomes “whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Foley v D’Agostino, 21 AD2d 60, 64-65 [1964]), but, “unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate” (Guggenheimer v Ginzburg, 43 NY2d at 275; see Crane v BPC Mgt. Corp., *258 90 AD3d 692, 692-693 [2011]). Accordingly, consideration of such evidentiary materials will almost never warrant dismissal under CPLR 3211 (a) (7) unless the materials “ ‘establish conclusively that [the plaintiff] has no [claim or] cause of action’ ” (Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008], quoting Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]). Nonetheless, under Guggenheimer, the Supreme Court could properly consider the plaintiffs’ sworn interrogatory responses in determining whether Ford conclusively established the absence of any cause of action. Accordingly, the inclusion of extrinsic evidence beyond the pleadings did not, in this case, transform Ford’s cross motion into a cross motion for summary judgment.
CPLR 3211 (c) requires that if a court intends to treat a CPLR 3211 motion as one for summary judgment under CPLR 3212, it must give the parties notice of its intention to do so (see Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; Matter of South Blossom Ventures, LLC v Town of Elma, 46 AD3d 1337, 1338 [2007]; Kempf v Magida, 37 AD3d 763, 765 [2007]). This makes sense given the res judicata effect of CPLR 3212 summary judgment determinations, which, for many CPLR 3211 dismissals, such as those under subdivision (a) (7), is not an issue. A court’s CPLR 3211 (c) notice, therefore, alerts the parties to submit whatever evidentiary materials are required for the court to render a proper summary judgment determination.
There are nevertheless three circumstances under which a court’s failure to provide CPLR 3211 (c) notice may be overlooked (see Four Seasons Hotels v Vinnik, 127 AD2d 310, 320-321 [1987]). One circumstance is when CPLR 3211 (c) treatment is specifically requested not by one party, but by all of the parties (see Four Seasons Hotels v Vinnik, 127 AD2d at 320-321), or is at least requested by the same party that is aggrieved by the summary judgment determination (see Wein v City of New York, 36 NY2d 610, 620-621 [1975]). A second circumstance is when a dispute involves no questions of fact, but only issues of law argued by all parties (see Mihlovan v Grozavu, 72 NY2d at 508), such as in the context of declaratory judgment actions involving an issue of statutory construction (see O’Hara v Del Bello, 47 NY2d 363 [1979]) or the application of an unambiguous contractual provision (see F&T Mgt. & Parking Corp. v Flushing Plumbing Supply Co., Inc., 68 AD3d 920, 923 [2009]). The third circumstance is when the respective submissions of both parties demonstrate that they are laying bare their proof *259 and deliberately charting a summary judgment course (see Sokol v Leader, 74 AD3d 1180, 1183 [2010]; Hopper v McCollum, 65 AD3d 669, 670 [2009]; Fischer v RWSP Realty, LLC, 53 AD3d 594 [2008]; Mancuso v Rubin, 52 AD3d 580, 582 [2008]; Tendler v Bais Knesses of New Hempstead, Inc., 52 AD3d 500, 502 [2008]; Methal v City of New York, 50 AD3d 654 [2008]; Harris v Hallberg, 36 AD3d 857, 858 [2007]; Myers v BMR Bldg. Inspections, Inc., 29 AD3d 546 [2006]; Jamison v Jamison, 18 AD3d 710, 711 [2005]; O’Dette v Guzzardi, 204 AD2d 291, 292 [1994]).
None of the aforesaid circumstances which could excuse the Supreme Court’s failure to provide CPLR 3211 (c) notice applies to this matter. Since Ford’s cross motion was unopposed by all parties, including Cooper Tire, one cannot conclude that Cooper Tire viewed Ford’s cross motion as anything other than what it expressly stated itself to be—a cross motion to dismiss the complaints and all cross claims insofar as asserted against it under CPLR 3211 (a) (7)—addressed to the alleged insufficiency of the pleadings for failure to state a cause of action. Absent the CPLR 3211 (c) notice from the Supreme Court that it intended to treat Ford’s cross motion as one for summary judgment, Cooper Tire was never made aware that the Supreme Court’s disposition of the cross motion might later be argued as having been “on the merits,” or the “functional equivalent of trial” warranting the applicability of res judicata finality. Moreover, without such notice, the Supreme Court’s disposition of the cross motion cannot be considered as the functional equivalent of a trial unless Cooper Tire submitted papers making clear its intention to chart a summary judgment course. Cooper Tire cannot be said to have charted a summary judgment course, as it submitted no papers laying bare its proof in opposition to Ford’s cross motion. Finally, while the Hendricksons’ discovery responses might arguably appear to be material extrinsic to their complaint and therefore considered by the trial court on their merits, the content of those responses merely results, in effect, as a withdrawal of the Hendricksons’ causes of action against Ford, further supporting our conclusion that the Supreme Court’s order directing the dismissal of the complaint insofar as asserted against Ford, under these particular circumstances, was not the functional equivalent of a trial.
We hold, therefore, that the particular facts of this case, including the absence of a CPLR 3211 (c) notice from the Supreme Court, and the absence of any evidence that Cooper Tire was charting a summary judgment course, require that we *260 deem Ford’s cross motion to be a cross motion to dismiss the complaints and all cross claims insofar as asserted against it pursuant to CPLR 3211 (a) (7). Since Ford’s cross motion was one for dismissal under CPLR 3211 (a) (7), which is not the functional equivalent of a trial on the merits, Cooper Tire may seek to include any liability attributable to Ford as part of the total liability assigned to “all persons liable” for purposes of CPLR article 16. Accordingly, the Hendricksons failed to establish that the challenged affirmative defense was without merit (see CPLR 3211 [b]), and failed to establish their prima facie entitlement to judgment as a matter of law dismissing that affirmative defense. Therefore, the Supreme Court should have denied those branches of their cross motion which were, in effect, pursuant to CPLR 3211 (b) to dismiss Cooper Tire’s affirmative defense alleging that its liability is limited in both actions pursuant to CPLR article 16 based on Ford’s acts or omissions, and for summary judgment dismissing that affirmative defense.
We caution that some CPLR 3211 dismissals are considered to be on the merits, such as dismissals under subdivision (a) (5) for actions commenced beyond the applicable statute of limitations and actions barred by the statute of frauds (see e.g. Smith v Russell Sage Coll., 54 NY2d 185, 194 [1981]; Cold Spring Harbor Area Civic Assn. v Board of Zoning Appeals of Town of Huntington, 305 AD2d 444, 445 [2003]; Matter of Karmel v Delfino, 293 AD2d 473 [2002]; Lake Anne Realty Corp. v Town of Blooming Grove, 262 AD2d 413 [1999]). We, therefore, limit the scope of our determination here to uncontested motions brought under CPLR 3211 (a) (7).
The parties’ remaining contentions either are without merit or have been rendered academic by our determination. In light of the foregoing, the order is reversed insofar as appealed from, on the law, and those branches of the Hendricksons’ motion which were, in effect, pursuant to CPLR 3211 (b) to dismiss Cooper Tire’s affirmative defense alleging that its liability is limited in both actions pursuant to CPLR article 16 based on Ford’s acts or omissions, and for summary judgment dismissing that affirmative defense, are denied.
Lott, Roman and Cohen, JJ., concur.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of Roseanne Hendrickson and Dennis Hendrickson which were, in effect, pursuant to CPLR 3211 (b) to dismiss Cooper Tire’s af *261 firmative defense alleging that its liability is limited in both actions pursuant to CPLR article 16 based on the acts or omissions of Ford Motor Company, and for summary judgment dismissing that affirmative defense are denied.