Mullin v WL Ross & Co. LLC (2019 NY Slip Op 04864)





Mullin v WL Ross & Co. LLC


2019 NY Slip Op 04864


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8883 650535/17

[*1]Joseph E. Mullin, Plaintiff-Appellant,
v
WL Ross & Co. LLC, et al., Defendants-Respondents.


Press Koral LLP, New York (Matthew J. Press of counsel), for appellant.
Weil, Gotschal & Manges LLP, New York (Gregory Silbert of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered February 23, 2018, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the breach of contract cause of action, insofar as based as on transactions alleged to have occurred on or after December 30, 2010, except as against defendant WL Ross & Co. LLC, and as to the breach of fiduciary duty cause of action, insofar as based on transactions alleged to have occurred on or after December 30, 2010, as against WL Ross & Co. LLC only, and as to all causes of action for accountings, and otherwise affirmed, without costs.
Construed liberally, as amplified by plaintiff's opposition affidavit and documentary evidence submitted on the motion (see Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; Jeudy v City of New York, 142 AD3d 821, 821 [1st Dept 2016]; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]), the complaint states a cause of action for breach of contract under the governing Delaware substantive law as against the other WL Ross entities (the Entities) (see VLIW Tech., L.L.C. v Hewlett-Packard Co., 840 A2d 606, 612 [Del 2003]). It alleges, in sum, that each of the Entities was contractually required, under the several partnership and LLC agreements, to account properly for amounts in plaintiff's capital accounts and to make accurate distributions of carried interest and profits and that each of them failed to do so. In his opposition affidavit, plaintiff gives examples of questionable accounting, or distribution shortfalls, for nearly all of the Entities.
On appeal, plaintiff states that WL Ross & Co. LLC, against which the complaint ostensibly asserts a breach of contract claim, was not a party to any of the relevant contracts and that defendants cannot argue that the breach of fiduciary duty and accounting claims are duplicative of the breach of contract claim. We therefore affirm the dismissal of the breach of contract claim as against WL Ross & Co. LLC.
In support of his claim for breach of fiduciary duty, plaintiff alleges, in sum, that defendants manipulated the Entities' books and records so as to distribute to him less than he was entitled to in carried interest and profits. Because all these actions would have been breaches of the partnership and LLC agreements, the fiduciary duty claim is duplicative of the contract claim (see CIM Urban Lending GP, LLC v Cantor Commercial Real Estate Sponsor, L.P., 2016 WL 768904, *3, 2016 Del Ch LEXIS 47, *6-7 [Del Ch 2016]) — except as against WL Ross & Co. LLC, because there is no breach of contract claim against it. Plaintiff avers that WL Ross & Co. LLC controlled the other defendants, either as parent or affiliate, and therefore owed plaintiff the same fiduciary duties as the other defendants in which he was a partner, and that WL Ross & Co. LLC breached this duty by causing defendants to manipulate plaintiff's accounts for the ultimate benefit of its principal, nonparty Wilbur L. Ross, Jr. Thus, a cause of action for breach of fiduciary duty is stated against WL Ross & Co. LLC, on the theory that "a fiduciary of a fiduciary is a fiduciary," and that "an entity that controls the fiduciary of another entity may be deemed a fiduciary of the entity" (Arfa v Zamir, 2008 NY Slip Op 51908[U], *3 [Sup Ct, NY County 2008], affd 75 AD3d 443 [1st Dept 2010]; see Bay Ctr. Apts. Owner, LLC v Emery Bay PKI, [*2]LLC, 2009 WL 1124451, *9-10, 2009 Del Ch LEXIS 54, *32-39 [Del Ch 2009]; In re USACafes, L.P. Litig., 600 A2d 43, 48-50 [Del Ch 1991]). Under the circumstances alleged in the complaint, we find that the claim for breach of fiduciary duty against WL Ross & Co. LLC is governed by the six-year statute of limitations (cf. IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139-140 [2009]). Notwithstanding that there is no cause of action for breach of fiduciary duty against any defendant except WL Ross & Co. LLC, the mere existence of a fiduciary relationship otherwise gives rise to a claim for an accounting (see Koppel v Wein, Lane & Malkin, 125 AD2d 230, 234 [1st Dept 1986]; see also Webster v Forest Hills Care Ctr., LLC, 164 AD3d 1499, 1501 [2d Dept 2018]). This right, as distinguished from a claim for an accounting in which there is no fiduciary relationship, does not require a showing that there is no adequate remedy at law. It is automatic and springs from the fiduciary relationship itself. The plaintiff has alleged that all defendants have a fiduciary obligation to him. We hold here that the allegations are sufficient to support that claim of breach of fiduciary duty against WL Ross & Co. LLC. The bona fides of an underlying fiduciary relationship against the other defendants have not been raised on this appeal. While for other reasons we have dismissed the breach of fiduciary duty claims against the other defendants, the allegations still support an independent claim for an accounting. Accordingly, the causes of action for accountings based upon the existence of a fiduciary relationship should not have been dismissed on this pleading motion as they allege valid causes of action
For purposes of a motion to dismiss under CPLR 3211(a)(5), defendants failed to establish that the claims for breach of contract against defendant Ross CG Associates, L.P. (Ross CGA) are untimely to the extent they are based on allegations that Ross CGA failed to make payments to plaintiff to which he was allegedly entitled as a partner on or after December 30, 2010, within the applicable six-year limitation period before the commencement of this action in December 2016 (see CPLR 213). Assuming, as we must, that the allegations of the complaint are true, a new claim would have accrued each time Ross CGA failed to make a payment to plaintiff when it became due (see Lebedev v Blavatnik, 144 AD3d 24, 28-29 [1st Dept 2016]). Contrary to Ross CGA's contention that plaintiff's claims for all payments accrued in October 2007, when Ross CGA claims to have begun treating him as a "withdrawn partner," the documentary evidence indicates that Ross CGA treated defendant as an active partner in certain ways until April 2014 (specifically, by continuing to send him K-1 tax statements and retaining his capital account). In addition, absent from the record is any written notice — required under the Ross CGA partnership agreement — that plaintiff was withdrawing from, or being withdrawn from, Ross CGA. Accordingly, at this juncture, it cannot be determined, as a matter of law, that the claim against Ross CGA arises from "a single wrong that ha[d] continuing effects," rather than from "a series of independent, distinct wrongs" (Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017] [internal quotation marks omitted]). It is not necessary at this juncture to parse out the extent to which plaintiff's broader, but undelineated, claims against Ross CGA (alleging failures to distribute carried interest and profits) are timely. As stated with regard to the claims against Ross CGA, while plaintiff's claims against all defendants are time-barred to the extent they are based on transactions that occurred before December 30, 2010 (i.e., more than six years before the commencement of this action), we need not, at this juncture, parse out the extent to which each cause of action is timely.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK