Beatrice Invs., LLC v 511 9th LLC (2019 NY Slip Op 08509)





Beatrice Invs., LLC v 511 9th LLC


2019 NY Slip Op 08509


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


654052/13 10426A 10426

[*1] Beatrice Investments, LLC, et al., Plaintiffs-Respondents,
v
511 9th LLC, et al., Defendants-Appellants. 940 Realty LLC, et al., Nominal Defendants.


Lazarus & Lazarus, P.C., New York (Harlan M. Lazarus of counsel), for appellants.
Ford O'Brien LLP, New York (Matthew Aaron Ford of counsel), for respondents.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 22, 2018, which denied defendants' motion to dismiss the second amended complaint, and sua sponte granted plaintiffs leave to amend the complaint to add direct causes of action for breach of fiduciary duty, and order, same court (Jennifer G. Schecter, J.), entered March 28, 2019, which, to the extent appealed from, denied defendants' motion to dismiss so much of the third amended complaint as alleges that defendants made certain payments to Orchedia, an affiliate of defendant Salim Ossa, and the direct causes of action for breach of fiduciary duty, unanimously affirmed, with costs.
This appeal is not rendered moot by the filing of the fourth amended complaint in the action, given that each iteration of the complaint has maintained the allegations now at issue before this Court (Munn v New York City Hous. Auth., 202 AD2d 210, 211 [1st Dept 1994]).
The motion court providently exercised its discretion in permitting plaintiffs to file a third amended complaint to replead their breach of fiduciary duty claims as direct causes of action (CPLR 3025[b]). The breach of fiduciary duty claims were not dismissed with prejudice. Contrary to defendants' contention, the law of the case doctrine does not apply to the court's comment at oral argument, particularly because the court's earlier determination was based on a different iteration of the complaint (see Cobalt Partners, L.P. v GSC Capital Corp., 97 AD3d 35, 39 [1st Dept 2012]).
Plaintiffs have sufficiently alleged both direct and derivative causes of action for breach of fiduciary duty, because the harm to them, namely, diluting their interest to weaken their voting rights and revoking their rights to pari passu distributions, is separate from the harms allegedly suffered by the nominal defendant limited liability companies as a result of issuing the preferred equity shares for allegedly insufficient consideration (see Gentile v Rossette, 906 A2d 91, 99-100 [Del 2006]; Tooley v Donaldson, Lufkin & Jenrette, Inc., 845 A2d 1031, 1035 [Del 2004]; see also Yudell v Gilbert, 99 AD3d 108 [1st Dept 2012]).
Defendants' documentary evidence does not flatly contradict the allegations in the third amended complaint (see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432 [1st Dept 2014]). Moreover, defendants failed to demonstrate that the payments to Republic Food, the backdated extension of the payments of the administrative and development fees, and the attorney and broker payments were permitted by the respective operating agreements, and not, as the complaint alleges, arm's-length transactions that redounded to the benefit of the individual defendant manager and his affiliates (see Feeley v NHAOCG, LLC, 62 A3d 649, 661 [Del Ch 2012]; Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]). Given that the individual defendant is alleged to have engaged in the misconduct personally and [*2]was a fiduciary of the respective defendant manager entities, the causes of action for breach of fiduciary duty against him will lie under both New York and Delaware law (Arfa v Zamir, 75 AD3d 443 [1st Dept 2010]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK