Weinstein v W.W.W. Assoc., LLC (2019 NY Slip Op 08803)





Weinstein v W.W.W. Assoc., LLC


2019 NY Slip Op 08803


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10527 652365/14

[*1] Jeffrey Weinstein, Plaintiff-Respondent,
v
W.W.W. Associates, LLC, et al., Defendants-Appellants.


Michael B. Schulman & Associates, P.C., Melville (Michael B. Shulman of counsel), for appellants.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (David R. Brody of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 27, 2018, which, inter alia, denied defendants' motion to dismiss or for summary judgment dismissing the complaint, and granted in part plaintiff's cross motion to amend the complaint, unanimously affirmed, with costs.
Given that defendants failed to show any significant prejudice from plaintiff's amendment of the complaint, the court providently exercised its discretion in allowing the amendment in part (see Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [1st Dept 2011]). Nor are the highly detailed allegations of the proposed amended complaint, which are supported by extensive documentary evidence, "palpably insufficient" (see Cruz v Brown, 129 AD3d 455, 456 [1st Dept 2015]).
Defendants were unable to articulate any inequitable effect a judgment in this case would have on nonparty 553 Shore Road Corp., given that the corporation was dissolved in 2011. Since, at most, 553 is a joint tortfeasor, it is not a necessary party (see Amsellem v Host Marriott Corp., 280 AD2d 357, 360 [1st Dept 2001]).
Defendants' failure to identify any of the supposed managing members on their tax returns, together with defendant Leon Weinstein's statement in the verified answer and at his deposition that he was the managing member of defendant W.W.W. Associates, LLC, and the contested role of defendants in the management of W.W.W. and its alleged managing members, presents an issue of fact as to whether Leon and defendant Kenneth Weinstein owed fiduciary duties to plaintiff (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]; Arfa v Zamir, 75 AD3d 443 [1st Dept 2010]).
We decline to reach defendants' unpreserved arguments (see Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK